# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JEFFERY FANUELI POUHA,<br><br>                  Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17CV821DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Petitioner Jeffery Fanueli Pouha's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, filed July 19, 2017. The United States has responded to the petition and the court considers the petition fully briefed.

      On July 22, 2003, Defendant entered a guilty plea and signed a Statement in Advance of Plea ("Plea Agreement"). Pursuant to the Plea Agreement, the court sentenced Petitioner to 48 months imprisonment. Petitioner did not pursue a direct appeal. Given the length of his sentence, Petitioner has been released from prison for more than ten years. However, Petitioner now attacks his sentence on the grounds that he received ineffective assistance of counsel in relation to his guilty plea because his counsel did not advise him of the immigration consequences of his plea.

      "[A] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v.*

*Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack.

A one-year statute of limitation applies to motions brought under § 2255. "The limitation period shall run from the later of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

The duty to advice clients regarding the possible immigration consequences of a guilty plea did not exist in 2003 when defendant entered his plea. In 2010, in *United States v. Padilla*, the Supreme Court established that counsel had the obligation to provide advice to clients in criminal proceedings regarding the possible immigration consequences of a guilty plea. 559 U.S. 356, 368-73 (2010). Such an obligation was a new standard. *Id.* at 1487, 1492 (Alito, J., concurring).

Since *Padilla*, the Tenth Circuit has held that the duty established in *Padilla* is a new constitutional rule but it does not apply retroactively. *United States v. Chang Hong*, 671, F.3d 1147, 1157 (10th Cir. 2011); *Cabrera v. Trammell*, 488 Fed. Appx. 294, 296 (10th Cir. 2012).

Therefore, Petitioner's counsel in this case cannot be held to the standard established in *Padilla*. Accordingly, Petitioner's counsel did not provide ineffective assistance of counsel.

Petitioner has not demonstrated that the one-year statute of limitation is subject to equitable tolling in this case. Equitable tolling is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner admits that his conviction rendered him a priority for deportation. His release from prison was over ten years ago. However, he has remained in the United States because of his medical conditions. Petitioner has, therefore, known that he was a priority for deportation for the past ten years and failed to file the present motion. Therefore, Petitioner has failed to file his petition within the time period required by 28 U.S.C. § 2255.

Even if Petitioner's petition could be considered timely, he has not demonstrated that his counsel's conduct resulted in any actual prejudice. To establish a claim for ineffective assistance of counsel, a petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). The prejudice that Petitioner claims must be more than a subjective statement, such as his claim that he would not have pleaded guilty if he had known that the conviction had made him a priority for deportation. Rather, the alleged prejudice "must convince the court that a decision to reject the plea bargain woul dhave been rational under the circumstances." *United States v. Padilla*, 559

U.S. at 371.

In this case, the weight of the evidence at the trial against Petitioner's co-defendant demonstrates that a conviction at trial for Petitioner was also highly likely. Petitioner admitted in his Plea Agreement that he assisted his co-defendant in a drug sale to a confidential source by collecting the funds owed to his co-defendant. Petitioner's counsel was able to avoid a minimum mandatory sentence by having Petitioner plead to a lesser offense. The Plea Agreement also allowed Petitioner to obtain acceptance of responsibility, which together with the lesser offense, cut Petitioner's sentence to less than half the mandatory guideline sentence. Given his exposure to a much longer sentence if he had gone to trial, it would have been irrational to reject the plea deal and go to trial based on the potential immigration consequences. Therefore, the court concludes that Petitioner has not demonstrated actual prejudice.

For the above reasons, Petitioner's Petition under 28 U.S.C. § 2555 is DENIED and DISMISSED because it is barred by the statute of limitations and lacks merit.

DATED this 14th day of August, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge